This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GERALD SNYDER,**

Plaintiff-Appellant,

v.                                                          NO. 32,303

**JOHN C. HARMSTON, M.D.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

The Sawyers Law Group
James W. Klipstine, Jr.
Hobbs, NM

for Appellant

Kemp Smith LLP
Jason Hungerford
Ken Slavin
Scott Mann
El Paso, Texas

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} In this medical malpractice case, Plaintiff, Gerald Snyder, appeals from the district court's grant of summary judgment in favor of Defendant, Dr. John C. Harmston. Plaintiff contends the district court erred in granting summary judgment in favor of Defendant because Plaintiff presented sufficient evidence with respect to the issue of causation. We agree with Plaintiff and reverse.

**BACKGROUND**

{2} On January 16, 2007, Defendant performed a total knee replacement on Plaintiff's left knee. Following the surgery, Defendant applied a compressive wrap to Plaintiff's knee. At approximately 8:00 a.m. on January 19, 2007, Defendant redressed the wound. Later that same day, Plaintiff complained of numbness in his leg. The dressing was removed from Plaintiff's knee and revealed blisters and necrotic tissue at the region of the peroneal nerve. Plaintiff was subsequently diagnosed with peroneal nerve palsy resulting in drop foot.

{3} On January 14, 2010, Plaintiff filed a complaint against Dr. Harmston.[1] Plaintiff's theory of the case is that Defendant's use of a compressive wrap in the absence of a working drain placed sufficient pressure on Plaintiff's knee to crush the

---

[1]Plaintiff also named Lea Regional Medical Center and Kristen McCool, P.A. as defendants. The district court dismissed all claims against the Medical Center with prejudice upon the stipulation of the parties. The district court entered summary judgment in favor of Kristen McCool, P.A., and Plaintiff did not appeal from that order.

peroneal nerve.

{4} On May 5, 2012, Defendant filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law because the testimony of Plaintiff's expert, Dr. Robert D. Tonks, failed to establish a causal connection between Defendant's use of a compressive wrap and Plaintiff's alleged injury. Plaintiff filed an untimely response in opposition to Defendant's motion for summary judgment, which the district court did not consider. Following a hearing, the district court entered a brief order granting Defendant's motion for summary judgment.

**DISCUSSION**

{5} Plaintiff contends the district court erred in granting summary judgment in favor of Defendant. We review the district court's summary judgment ruling de novo. *See Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 21, 127 N.M. 47, 976 P.2d 999. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582; *see also* Rule 1-056(C) NMRA ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). We "view summary judgment with disfavor," *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148

N.M. 713, 242 P.3d 280, and "assess the record in the light most favorable to support a trial on the merits." *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 10, 114 N.M. 228, 836 P.2d 1249.

{6}    "In order to prove medical malpractice, a plaintiff has the burden of showing that (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries." *Blauwkamp*, 1992-NMCA-048, ¶ 13. With respect to proximate cause, "the standard in New Mexico is proof to a reasonable degree of medical probability." *Alberts v. Schultz*, 1999-NMSC-015, ¶ 29, 126 N.M. 807, 975 P.2d 1279. Thus, "in proving causation, the plaintiff must introduce evidence that the injury more likely than not was proximately caused by the act of negligence." *Id.*

{7}    In the district court, Defendant argued that he was entitled to summary judgment  because Plaintiff could not establish causation as a matter of law. Defendant attached to his motion an opinion letter from Dr. Tonks. In this letter, Dr. Tonks states that the surgery itself "was mechanically sound" but that "losing the drain and wrapping a compressive dressing around the knee caused pressure on the Peroneal Nerve caught between the swollen knee and the tight compressive dressing." Notwithstanding this rather clear causal language, Defendant argued that Plaintiff

4

failed to establish causation based on Dr. Tonks' deposition testimony. Defendant argued that Dr. Tonks "can only speculate that the compressive wrap was applying pressure to Plaintiff's knee" and cannot state within a reasonable degree of medical probability either the amount or duration of pressure being applied. The district court apparently agreed with Defendant's characterization of Dr. Tonks' testimony and granted summary judgment in favor of Defendant.

{8} On appeal, Plaintiff contends that the fact that Dr. Tonks cannot state exactly how much pressure was applied to his knee at exactly what time does not render his opinion speculative or negate the element of causation. We agree. Viewed together, Dr. Tonks' opinion letter and his deposition testimony reflect that he believed that one or both of the surgical dressings applied by Defendant to Plaintiff's knee caused excess pressure on the knee, which resulted in the injury. Dr. Tonks could not state exactly how much pressure was applied over what period of time, but could state that it was "[t]oo much." He explained that the damage could come from a "low volume of pressure applied over a long period of time" or a high volume of pressure applied over a short period of time. The fact that Dr. Tonks could not testify to the precise timing does not mean that he could not testify to causation.

{9} Defendant argues on appeal that Dr. Tonks could not testify with respect to causation because he testified at one point that the initial dressing, applied on January 16, did not appear to cause excess pressure, and he testified at another point that he

could not tell whether the excess pressure was caused by the initial dressing on January 16, 2007, or the redressing on January 19, 2007. Defendant relies on the following excerpt from Dr. Tonks' deposition:

> Q: Okay. Let me make sure I understand.
>
> As you sit here today can you, within a reasonable degree of medical probability, tell us whatever compression you believe was put on the nerve was from the compressive wrap that was put on the 16th or the wound redressing on the 19th[.] Can you say one way or another?
>
> A: I don't know.

Defendant argues that Dr. Tonks' answer to this question means that he could not give an opinion on causation. We disagree. We believe that Dr. Tonks' answer to this question could be understood to mean that Dr. Tonks did not know whether excess pressure was applied to Plaintiff's knee by the initial dressing or the redressing, but did know that excess pressure was applied at some point. "When the facts before the court are reasonably susceptible to different inferences, summary judgment is improper." *Blauwkamp*, 1992-NMCA-048, ¶ 34.

{10}     Defendant argues that on the question of causation, *Alberts* "is dispositive." In *Alberts*, our Supreme Court recognized a loss of chance medical malpractice claim, but held that the claim "must fail" because the plaintiffs "have not demonstrated, to a reasonable degree of medical probability, that the alleged negligence of [the

6

defendant doctors] caused [the injured plaintiff] to lose the chance of saving his leg." 1999-NMSC-015, ¶ 34. Summary judgment is a fact-specific inquiry in the medical malpractice arena as much as any other. We do not depart from any of the legal principles announced in *Alberts*, but do not believe the same result is warranted here.

{11}    *Alberts* was a lost chance case in which the harm suffered "may be conceived of as the loss of a window of time." *Id.* ¶ 35. As such, "[t]he loss of time is the essence of the [plaintiffs'] claim." *Id.* Our Supreme Court held that the plaintiffs in *Alberts* could not succeed on their claim because they "cannot demonstrate that there was a window of time during which measures could have been taken to foreclose the need to amputate [the injured plaintiff's] leg." *Id*. ¶ 36. The plaintiffs could not show "to a reasonable degree of medical probability, that timely and proper medical intervention would have saved [the injured plaintiff's] leg." *Id.*

{12}    Unlike in *Alberts*, timing is not dispositive here. Plaintiff does not need to establish the exact time at which excess pressure was applied to his knee to establish the causal element of his claim. Instead, he needed to show only that the injury he sustained was caused by the application of excess pressure from one or both of the surgical dressings applied by Defendant. Dr. Tonks' opinion supports this causal element, and the district court thus erred in granting Defendant's motion for summary judgment.

**CONCLUSION**

7

**{13}** We reverse the district court's grant of summary judgment in favor of Defendant and remand for further proceedings.

**{14}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**